# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT LEE and | ) |
| LEE'S LOUNGE, INC, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 2:09-0301-KD-N |
| | ) |
| CITY OF MARION, ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This action is before the Court on the motion for summary judgment, brief and evidence in support filed by defendant City of Marion, Alabama (the City), the response and evidence in support filed by plaintiffs Robert Lee and Lee's Lounge, Inc. (Lee), and the City's reply and evidence in support (docs. 18, 20, 25).[1] For the reasons set forth below, the City's motion for summary judgment is **GRANTED in part** as follows:

I. Background

After obtaining approval from the Alabama Alcoholic Beverage Control Board, Lee applied for a Class I Lounge Retail Liquor License to operate a lounge at 106 West Jefferson

---

[1] Lee filed a motion to strike the City's Exhibit 3, a copy of Ordinance Section 61, on basis that the exhibit is "is incomplete", "unduted" (*sic*), and "not authenticated" (doc. 21). The City responds that the portion submitted is the portion relevant to Lee's claims and provides an affidavit by the City Clerk to authenticate Exhibit A as "a true and accurate copy of the relevant portions of the Zoning Ordinance applied to Plaintiff's zoning application" (doc. 24). Lee's motion to strike is **DENIED**. The City may submit such portions of the evidence that is relevant to support its argument. See S.D. Ala. Local Rule 5.5(c) ("Discovery Materials Filed With Motions. If discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response."). Also, the lack of authentication or a date is now moot since the copy of the Zoning Ordinance has been authenticated by the City Clerk.

Street, in Marion, Alabama. On January 5, 2009, the Mayor and City Council voted on the application. The vote was a tie and the application was not approved.

Lee and his corporation, Lee's Lounge, Inc., then filed a petition for declaratory relief against the City in the Circuit Court of Perry County, Alabama. Lee alleged that the City acted arbitrarily and capriciously in disapproving his application and that the City's action violated Lee's constitutional right to due process and equal protection under the Alabama Constitution and the U.S. Constitution. Lee sought declaratory relief in the form of a declaration that the City immediately approve his application and an award of attorney fees and costs. The action was removed to this Court by the City. The City's motion for summary judgment is now before the Court.

II. Findings of Fact

Relevant statute and ordinance

The City, a Class 8 Municipality, does not have an ordinance regulating the sale of liquor. Code of Alabama § 28-3A-11, titled, "Lounge retail liquor license; approval of municipality; entertainment; minors", applies to Class 8 municipalities and sets forth as follows:

> Upon applicant's compliance with the provisions of this chapter and the regulations made thereunder, the board shall, where the application is accompanied by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality, if the licensed premises is to be located therein, and has obtained its consent and approval, issue a retail liquor license which will authorize the licensee to purchase liquor and wine from the board or as authorized by the board and to purchase table wine, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, from any wholesaler licensee of the board and to sell at retail liquor and wine, dispensed from containers of any size, and beer, including draft or keg beer in any county or municipality in which the sale thereof is permitted, to patrons. A lounge liquor licensee may permit dancing or provide other lawful entertainment on the licensed premises. No person under 19 years of age shall be admitted on the premises of any lounge

liquor licensee as a patron or employee, and it shall be unlawful for any such licensee to admit any minor to the premises as a patron or employee.

Ala. Code § 28-3A-11. The statute requires only the consent and approval of the municipality and sets forth no criteria upon which the municipality should decide whether to approve an application for a liquor license (Id.).

The City has a Zoning Ordinance which controls parking of vehicles (doc. 18-3, City's Exhibit 3, City of Marion Ordinance Section 61.0 - Off-Street Automobile Parking).

History of 106 West Jefferson Street [2]

By affidavit, Reese Billingslea, a resident of Marion, Alabama, states that a lounge has been located at this address since at least 1950 (doc. 22, Plaintiff's Exhibit, p.1, Billingslea Affidavit). Billingslea states that he was a previous owner and manager of a lounge at this address and obtained a Class 1 liquor license. Billingslea does not state the years during which he owned the lounge or when he received the liquor license. Billingslea also states that "[a]ll business in the downtown area use street parking, particularly the restaurants, steak house, governmental facilities, and the local businesses" and that he has "never known of the City of Marion to require a certain number of parking spaces on any business in the City." (Id. p. 1-2).

On April 19, 2004, Mamie Booker obtained a Class 1 Lounge Retail Liquor License for the Paradise Lounge located at 106 West Jefferson (doc. 20-3, p. 30-31, Plaintiff's Exhibit 3, Minutes of Council Meeting). The vote was three in favor and two opposed: Yea; Council members Hollis, Hogue and Jackson, Nay; Younger and Harrison. (Id.)

In December 2007, Jeffrey Tubbs sought a Retail Lounge Liquor License for 106 West

---

[2] The property is described as "106 Jefferson" and "106 West Jefferson". However, the parties do not dispute that the addresses apply to the real property at issue.

Jefferson and his application was denied (doc. 18-3, City's Exhibit 6, Minutes of City Council meeting held December 3, 2007). The minutes reflect as follows:

> An application for a Retail Lounge Liquor License for Jeffrey Tubbs for 106 West Jefferson formerly the Paradise Lounge came before the Council for its consideration. Councilmember Hollis moved that approval be given for a Retail Lounge Liquor License for Mr. Tubbs at 106 West Jefferson Street formerly Paradise Lounge. On a roll call vote the results were as follows: Yea. Councilmembers Hollis and Jackson. Nay: Councilmember Taylor and Mayor Long. Abstain: Councilmember Hogue. The Presiding Officer declared the motion failed (did not pass).

(Id.).

Lee testified that the lounge formerly located at 106 West Jefferson had been closed for about two years when he bought the property in 2008 (doc. 25-1, City's Exhibit 7, Lee deposition, p. 69). Lee expended funds to improve the property for use again as a lounge (doc. 20, p. 3). Lee testified that he had conversations with the Mayor and two councilmembers who, after voting to deny Lee's application for another property, encouraged him to open a lounge at 106 West Jefferson and indicated that they would not oppose a lounge liquor license at that location since a lounge had been there in the past (doc. 20-2, Lee deposition, p. 24-32).

<u>Lee's application and vote</u>

Lee applied for a Class 1 Lounge Retail Liquor License for 106 Jefferson Street, Marion, Alabama.[3] On January 5, 2009, the Mayor and City Council voted on the application. The vote was a tie and the application was not approved. The Minutes of the City Council meeting reflect

---

[3] The record does not contain a copy of Lee's application. Based on Lee's response, it appears that he may have applied for the license at some time in 2007. Lee asserts that while the application was "being stalled", "Councilman Harrison (on October 15, 2007) introduced an ordinance to prohibit bars, lounges, clubs from opening in the downtown business area" but it failed. (doc. 20-3, p.7, Lee's Exhibit 3, Minutes).

as follows:

> Mr. Robert Lee came before the Council to request Lounge Retail Liquor License for Robert E. Lee at 106 Jefferson Street. City Attorney Pettway asked Mr. Lee about parking for this location since 32 parking spaces is recommended. Mr. Lee stated that some of the parking would be on street since his time of operation would be different from the retailers. Councilmember Sander asked Mr. Lee if he would be willing to clean the area and be liable for any loud music and/or violence at this location. Councilmember Harrison stated that he could not vote for approval because of Mr. Lee's past history and the traffic congestion due to limited parking. Councilmember Jackson moved that approval be given for Lounge Retail Liquor License for Robert E. Lee at 106 Jefferson Street (formerly College City Lounge and Paradise [Lounge]). Councilmember Sanders seconded the motion. On a roll call vote the result was as follows: Yea: Councilmembers Turner, Sanders and Jackson. Nay: Councilmembers Taylor, Harrison and Mayor Long. The Presiding Officer declared a tie vote.

(doc. 18-3, p. 3, Minutes).

On January 6, 2009, the City certified the results of the vote to the Alabama Alcoholic Beverage Control Board. The certification indicated that the application was "disapproved" (doc. 18-3, Exhibit 1).

III. Summary Judgment Standard

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. Id. "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment." Id. quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (footnote omitted) (internal quotations omitted). "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).

However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 807 (11th Cir. 2010) (citation omitted). Also, "what is considered to be 'facts' at the summary judgment stage may not turn out to be the actual facts if the case goes to trial, but those are the facts at this stage of the proceeding for summary judgment purposes." Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996).

6

"A district court should grant summary judgment when, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) citing Nolen v. Boca Raton Cmty. Hosp., Inc., 373 F.3d 1151, 1154 (11th Cir. 2004) (internal quotations omitted). Overall, the Court must "resolve all issues of material fact in favor of the plaintiff, and then determine the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) citing Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003).

IV. Analysis

    A) Appeal of decision under Alabama law - Writ of Certiorari

"Alabama Code 1975, §§ 28-1-6 and -7, provide a statutory right of direct appeal from the denial of a liquor license by a Class 1, 2, or 4 municipality." Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1120 n.3(Ala. 2006). However, because the City of Marion is a Class 8 municipality, "no such right of appeal exists for the denial of a liquor license." Id. Therefore,

> [w]here there is no statutory right of direct appeal from a local government's decision to deny an application for a liquor license, the only proper method of judicial review is by the common-law writ of certiorari. Sanders v. City of Dothan, 642 So.2d 437, 440 (Ala.1994) (" 'common-law certiorari is the appropriate method to have the courts determine the question as to whether a liquor license was revoked without cause where there is no prescribed method' " (quoting Southall v. Stricos Corp., 275 Ala. 156, 159, 153 So.2d 234, 237 (1963))).

Phase II, LLC, 952 So.2d 1115, 1120 n.3; see also Phillips v. City of Citronelle, 961 So.2d 827, 830 (Ala. Civ. App. 2007) (finding that because Citronelle was a Class 8 municipality, "the circuit court's power to review the City's decision in this case is properly referable only to that

7

court's common-law authority to issue writs of certiorari.").

The standard of review on common law certiorari is set forth as follows:

> " '[T]he standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence.' Thus, 'if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court.' In other words, the only question for the reviewing court is 'whether the evidence will justify the finding [of the lower tribunal] as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal.'

Fox v. City of Huntsville, 9 So.3d 1229, 1232 (Ala. 2008) quoting Sanders v. City of Dothan, 642 So.2d 437, 440 (Ala.1994) (internal citations omitted). In Sanders, the Alabama Supreme Court further explained that "[o]n certiorari review, the scope of the trial court's inquiry is restricted to the record made before the commissioners." Sanders, 642 So.2d at 440 n.4 (citations omitted); see also Fox, 9 So.3d at 1232 (The circuit court's review on a common-law writ of certiorari was limited to the record before the city council).

The Supreme Court for the State of Alabama has expanded on the review process as follows:

> "In reviewing a municipal council's exercise of its legislative discretion to approve or disapprove the issuance of a restaurant liquor license, this Court must apply an 'arbitrary-and-capricious' standard." Ex parte Trussville City Council, 795 So.2d 725, 727 (Ala.2001).
>
> " 'A determination is not "arbitrary" or "unreasonable" where there is a reasonable justification for its decision or where its determination is founded upon adequate principles or fixed standards. State Department of Pensions and Security v. Whitney, 359 So.2d 810 (Ala. Civ. App.1978).
>
> " 'If reasonable minds may well be divided as to the wisdom of [the] administrative board's actions, or there appears some reasonable basis for the classification made by the board, such action is conclusive and the court will not substitute its judgment for that of the administrative body.' " City of Huntsville v. Smartt, 409 So.2d 1353, 1357-58 (Ala.1982) (quoting Hughes v. Jefferson County

Bd. of Educ., 370 So.2d 1034, 1037 (Ala.Civ.App.1979)).

Phase II, LLC v. City of Huntsville, 952 So.2d 1115, 1119 (Ala. 2006).

The Court also explained that despite the style of the action filed in the state circuit court, the trial court appropriately addressed the action as one for common-law certiorari. Sanders, 642 So.2d at 440. Thus, although Lee filed a petition for declaratory relief, this Court will entertain the petition as one for certiorari review.

Initially, Lee argues that the City bears the burden of proof by substantial evidence that its actions were not arbitrary and capricious. Lee cites to City of Montgomery v. Glenn, 749 So. 2d 478 (Ala. Civ. App. 1999) for the premise that the burden is upon the City. In that case, Ala. Code § 28-1-6(a) statutorily placed the burden on the City of Montgomery, a Class 1 municipality, to support its denial by one of three specific situations: creation of a nuisance, circumstances detrimental to adjacent residential neighborhoods, and violation of zoning restrictions or regulations. However, as the City points out in its reply, City of Montgomery is not controlling because the City of Marion, a Class 8 municipality, is not subject to this statute. Instead, the burden is upon Lee to show that there is no reasonable justification supporting the municipality's decision. Phase II, LLC, 952 So.2d at 1119-1120 ("To prove that a municipality's decision to approve or to disapprove a liquor license is arbitrary and capricious, the burden is on the claimant to show that there is no reasonable justification supporting the municipality's decision.").

The City argues that parking space concerns were the basis for its decision to deny Lee's application. The Minutes, the only record submitted regarding what occurred before the City Council, indicate that the City Attorney questioned Lee about parking because he believed that

9

32 spaces were recommended under the Zoning Ordinance. The Minutes reflect that Lee answered that "some of the parking would be on street since his time of operation would be different from the retailers." (doc. 18-3, p. 3, Minutes).[4] Also, one Councilmember expressly indicated that traffic congestion due to parking was the reason for his vote to deny Lee's application. (doc. 18-3, p. 3, Minutes).[5]

In his response, Lee argues that the Zoning Ordinance which covers parking was never mentioned or used in any of the thirty liquor license applications previously considered. That may be true as to the other liquor license applications,[6] but as to whether the City Council acted in an arbitrary manner, on certiorari review, the Court is limited to the record of the proceedings before the City Council. The minutes of the City Council meeting at which Lee's application was discussed do not include any reference to prior applications. The record only indicates that parking was a consideration and that at least one Councilmember voted against the application based on the potential of traffic congestion due to limited parking. The City's failure to mention parking as a consideration in making the other liquor license decisions, does not create an inference that its decision in the present case was unreasonable or arbitrary and capricious.

Lee also offers his own deposition testimony to the effect that the location had street

---

[4] Lee testified in his deposition that he did not make any statements regarding parking before the City Council. (Lee deposition, p. 64).

[5] This same Councilmember also stated that he could not vote for the application "because of Mr. Lee's past history" (doc. 18-3, p. 3, Minutes). Lee presents his own deposition testimony to the effect that he once worked for this Councilmember but quit and that the Councilmember did not like that (doc. 20, p.2). However, the Court has no evidence before it to indicate what the Councilmember meant by "past history", and the Court will not speculate.

[6] The applications covered at least four types of liquor licenses: lounge, table wine, restaurant, and retail beer and wine (doc. 20-3).

parking, parking in the back, and permission to park from an adjacent owner (doc. 20, p. 3). However, because this evidence, with the exception of the suggestion of street parking, is not reflected in the record before the City Council, this is not evidence the Court may consider for purposes of certiorari review of the City's denial.[7]

Lee also points to evidence that at least two previous owners had been granted a liquor license for this location. Although this fact is not in the record before the City Council, the undersigned notes that even if this evidence was properly before the Court it would not necessarily result in a favorable determination for Lee. In a case with similar facts, the Court in Ex parte Trussville City Council, 795 So.2d 725, 727 (Ala. 2001), held that the fact that a previous owner was granted a liquor license does not mean a subsequent denial is arbitrary.[8] The Court pointed to the facts, inter alia, that other applicants for this location had been denied and that it was a different council that granted the previous owner's application: the same evidence exists in this case.

Lee also summarily states that the City's lack of written objective criteria for approving a liquor license is on its face arbitrary and capricious. Lee then cites City of Hueytown v. Jiffy Check Co. of Alabama, 342 So.2d 761 (Ala. 1997). However, City of Hueytown fails to support the proposition, as it is a case that addresses solely the right to equal protection under the Alabama Constitution. The Court will not make Lee's argument regarding the City's lack of

---

[7] Lee argues that there was no evidence presented that a nuisance would be created, or that adjacent residential neighbors would be adversely affected, or that any zoning laws would be violated" should a license be approved. However, these factors are those set forth in Ala. Code § 28-1-6(a) which does not apply to Class 8 municipalities.

[8] The Court notes that Ex parte Trussville City Council did not address any constitutional claims but rather only conducted a certiorari review of the decision.

written criteria for approving a liquor license.

The City has "'broad' discretion to approve or disapprove the issuance of liquor licenses with respect to locations within the municipality". Ott v. Everett, 420 So.2d 258, 260 (Ala.1982); see § 28-3A-11, Ala.Code 1975. The Court finds that Lee has failed to meet his burden to show, based on the record before the City Council, that the reason proffered for denial of the application, lack of sufficient parking, is not a reasonable justification for the decision.

      B) Due Process and Equal Protection

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law. The first inquiry in any § 1983 lawsuit ... is whether the plaintiff has been deprived of a right secured by the Constitution and laws." Holt v. Glenn, 2010 WL 117714 (11th Cir. January 14, 2010) (slip copy) (not selected for publication) (internal quotations and citations omitted).

      1) Substantive and Procedural Due Process

The City argues that Lee's right to substantive or procedural due process has not been violated because Lee does not possess a protected property interest defined under Alabama law in the issuance of a liquor license. The City also argues that Lee has no liberty interest in obtaining a liquor license because a license to sell liquor is a privilege under Alabama law, not a property right or vested interest of any kind.

In his response, Lee argues simply that because the City acted in an arbitrary and capricious manner, it violated the constitution of the United States and the State of Alabama

(doc. 20, p.2).[9] Lee also argues that although the exercise of police powers is broad in the area of regulation of liquor sales, "it does not exempt the States or local governments from constitutional limitations whether it be the Commerce Clause,[10] the Due Process Clause or the Equal Protection Clause (doc. 20, p.6). Lee does not identify the specific amendments but the Due Process Clause and Equal Protection clause, applicable to the states, are found in the Fourteenth Amendment of the United States Constitution.

The Fourteenth Amendment guarantees to every citizen that no State shall "deprive any person of life, liberty, or property, without due process of law ...." U.S. Const., amend. XIV, § 1. The Supreme Court has held that the Due Process Clause provides both procedural and substantive rights. Zinermon v. Burch, 494 U.S. 113, 125, 110 S.Ct. 975 (1990). Additionally, the Supreme Court of Alabama "has consistently interpreted the due process guaranteed under the Alabama Constitution to be coextensive with the due process guaranteed under the United

---

[9] Lee does not specifically bring his claims pursuant to 42 U.S.C. § 1983. Generally, U.S. Constitutional claims such as alleged by Lee, should be brought pursuant to 42 U.S.C. § 1983. "The Fourteenth Amendment, by itself, does not create a cause of action. Violations of the Fourteenth Amendment are, however, actionable under 42 U.S.C. § 1983." Cormier v. Horkan, 2010 WL 561803 (M.D. Ga. Feb 11, 2010) (Slip Copy) citing Collins v. City of Harker Heights, Tex., 503 U.S. 115, 119-20, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992) ("The First Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and other provisions of the Federal Constitution afford protection to employees who serve the government as well as to those who are served by them, and § 1983 provides a cause of action for all citizens injured by an abridgment of those protections."). The City removed this case to federal court on basis of federal question and indicated that the cause of action was brought under 42 U.S.C. § 1983 (doc. 1-2), thus it appears that the City has assumed that Lee's claims adequately state a claim under § 1983. The Court will proceed as though the claims had been properly alleged under § 1983.

[10] In his response, Lee alleges that a violation occurred under the Commerce Clause. He raises no argument in his response which could reasonably be construed as an argument in support of this allegation. The Court will not make Lee's Commerce Clause argument for him.

States Constitution." Alabama Dept. of Public Safety v. Prince, 2009 WL 3161829, 8 n.2 (Ala. Civ. App. 2009) quoting Vista Land & Equip., L.L.C. v. Computer Programs & Sys., Inc., 953 So.2d 1170, 1174 (Ala. 2006).

In order to prevail on a procedural due process claim, Lee must show "that [he] has been deprived of a constitutionally protected property interest; through state action; and the procedure for doing so was constitutionally inadequate." A.A.A. Always Open Bail Bonds, Inc. v. DeKalb County, Georgia, 129 Fed.Appx. 522, 523 (11th Cir. 2005). As further explained in A.A.A. Always Open Bail Bonds Inc.;

> [I]n order to establish a constitutionally protected property interest, a person must have more than a "unilateral expectation of it;" instead, one must have a "legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The U.S. Supreme Court has recognized that property interests inure to already-acquired benefits. In Bell v. Burson, 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), the Court held that "once licenses are issued ... their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees."
> However, when addressing a plaintiff who is merely an applicant for a license or benefit, as here, the critical inquiry becomes whether the state statute grants discretion to the decisionmaker who approves or denies the license.

Id. at 523-524.

A circumstance similar to Lee's application for a liquor license was addressed in Roberts v. City of Orange Beach, 2001 WL 530696 (S.D. Ala. April 25, 2001). The district court addressed whether Roberts had a protected property interest in an off-premises beer license. The district concluded that "[i]t is well settled under Alabama law that an applicant for an off-premises beer license has no legitimate claim of entitlement to the license and thus no protected property interest in the issuance of the license." Id. In Arrington v. Dickerson, 915 F.Supp. 1503, 1508 (M.D. Ala. 1995), the district court applied the same rationale to an

14

application for a package store retail license. Addressing the same statute applicable in this case, Ala. Code § 28-3A-11, the district court stated that;

> "Property interest are not created by the [United States] Constitution but are 'defined by existing rules or understandings that stem from an independent source such as state law' and arise only where the plaintiff demonstrates a 'legitimate claim of entitlement.' " . . . Thus, the court must look to the state statute applicable to this case. . . .
>
> Here, . . .§ 28-3A-11 sets forth no substantive criteria under which a city "must" issue a liquor license. Consequently, Mr. Arrington has no legitimate claim of entitlement to a liquor license. [] In other words, he has no protected property interest in the issuance of a package store retail liquor license by the City of Montgomery.

Arrington, 915 F. Supp. at 1508-1509 (internal citations omitted).

Although Lee did not specifically argue that his substantive due process rights were violated (stating only that the City had violated his right to due process), the Court will address whether he has stated a viable substantive due process claim. Again however, in order to state a substantive due process claim, Lee must possess a protected liberty or property interest in the issuance of a Class 1 Lounge liquor license. Id. at 1508-1509; see also, e.g., Warren v. Crawford 927 F.2d 559, 564 (11th Cir. 1991) ("Because Warren has failed to establish that he had a protected property interest in his job as head of DOT, both his procedural and substantive due process claims must fail."). As previously explained, under Alabama law Lee does not have a property interest in the issuance of the license. Nor does Lee have a liberty interest. As stated in Arrington:

> Similarly, the court finds that Mr. Arrington does not have a liberty interest in obtaining a liquor license. The Supreme Court of Alabama has held that "[a] license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind. Selection of the beneficiaries of a mere privilege may be committed to the discretion of the body created for that purpose." [Ott v. Everett, 420 So.2d 258, 261 (Ala.1982)]. Because a license to

15

sell liquor in Alabama is a privilege not a right, Alabama has extinguished any liberty interest. See Polenz, 883 F.2d at 556 (citing Scott v. Village of Kewaskum, 786 F.2d 338, 341 (7th Cir.1986)). As a result of the foregoing, Mr. Arrington's substantive and procedural due process claims are due to be dismissed.

Arrington, 915 F. Supp. at 1509.

Therefore, Lee cannot prevail on a claim of violation of his procedural or substantive due process rights under the Fourteenth Amendment or the Alabama Constitution. See Collins v. City of Harker Heights, 503 U.S. at 119, 112 S.Ct. at 1065 ("Although [§ 1983] provides the citizen with an effective remedy against those abuses of state power that violate federal law, it does not provide a remedy for abuses that do not violate federal law."); Ott, 420 So. 2d at 260. Accordingly, summary judgment is granted in favor of the City as to Lee's claim that his right to due process has been violated by denial of the liquor license.

   2) Equal Protection Clause

As to equal protection, the City argues that Lee's claim is based on his mistaken belief that he has been treated differently than other applicants for liquor licenses in the Central Business District. The City points out that the only other applicant for a lounge liquor license in the Central Business District, Jeffrey Tubbs, was also denied. However, the City does not provide the reason for the denial. The City also points out that there are no facilities operating under a Class 1 Lounge liquor license in the Central Business District. In sum, the City argues that Lee cannot show a person that is similarly situated.

In his response, Lee submits evidence that at least two prior owners of the same establishment were approved for a liquor license by the City. The last applicant to receive approval for the location was Mamie Booker in April 2004. There is no evidence that the

circumstances regarding parking have changed since April 2004.[11] Without legal support or factual distinction, the City replies that the Court should not consider the previous tenants as similarly situated persons.

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Since Lee does not assert that he is a member of a protected class, his claim must be brought upon a "class of one" legal theory first acknowledged in Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073 (2000) (per curiam). In order to succeed on a claim for an Equal Protection violation for a class-of-one, Lee must show that he "has been intentionally treated differently from others similarly situated" and that "there is no rational basis for the difference in treatment." Id. at 564. "Different treatment of dissimilarly situated persons does not violate the equal protection clause." E & T Realty v. Strickland, 830 F. 2d 1107, 1109 (11th Cir. 1987).

Under the Constitution of the State of Alabama, an Equal Protection violation also requires that the plaintiff be treated differently than "others in like circumstances". Municipal Workmen's Comp. Fund, Inc. v. Jolly, 709 So.2d 1230, 1231-1232 (Ala. Civ. App. 1997) ("Sections 1, 6, and 22 of the Declaration of Rights combine to guarantee equal protection under the laws of Alabama. The guarantee of equal protection prohibits 'class legislation arbitrarily discriminatory against some and favoring others in like circumstances.' ") (quoting Moore v. Mobile Infirmary Association, 592 So.2d 156, 165 (Ala.1991) (quoting Opinion of the Justices,

---

[11] Although the City references and submitted a Zoning Ordinance, there is no evidence regarding when the Ordinance was enacted or any explanation as to what part of the Ordinance purportedly applies to Lee's establishment.

252 Ala. 527, 530, 41 So.2d 775, 777 (1949)) (footnote omitted).

Neither party has submitted sufficiently clear evidence or argument from which this Court can make a determination on the viability of the equal protection claim. Accordingly the motion for summary judgment on the equal protection claim is carried to trial.

V. Conclusion

For the reasons set forth herein, summary judgment is granted in favor of the City as to all claims except Lee's equal protection claim.

**DONE** and **ORDERED** this May 25th, 2010.

        **s/ Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**