IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| ROBERT LEE and | ) |
| LEE'S LOUNGE, INC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09-0301-KD-N |
| | ) |
| CITY OF MARION, ALABAMA, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the motion to reconsider partial denial of the motion for summary judgment filed by defendant City of Marion, Alabama (doc. 33). Upon consideration, and for the reasons set forth herein, the City's motion for reconsideration is DENIED.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Products, Inc., 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005); see also United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003) (aff'd 419 F. 3d 1208 (11th Cir. 2005)). "[A]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler, 370 F.Supp.2d at 1189. Also, the Eleventh Circuit has explained that "a motion to reconsider should not be used by the parties to set forth new theories of law." Mays v. United States Postal Service, 122 F.3d 43, 46 (11th Cir. 1997)

"As a general rule, a motion to reconsider is only available in the following limited circumstances: (1) when a party presents the court with evidence of an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or

1

manifest injustice." Summit Medical Center of Alabama, Inc. v. Riley, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003); Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").

Previously, in the order on summary judgment, the Court found that "[n]either party has submitted sufficiently clear evidence or argument from which this Court can make a determination on the viability of the equal protection claim" and carried the claim to trial. The City moves the Court to reconsider this decision. The City does not present any new evidence or evidence of an intervening change in controlling law. Therefore, the City's only possible argument is that the Court should reconsider its order and correct clear error or manifest injustice.

In regard to Equal Protection under the United States Constitution, the City argues that since plaintiffs did not present any applicants who were identical but treated differently, i.e., a comparator, they have not met their burden to establish their prima facie case. The City argues again that Mamie Booker is not an adequate comparator and points out various facts surrounding the award of her liquor license which distinguish her liquor license application from that of plaintiffs.[1] The City also argues again that Jeffrey Tubbs' application was denied by the same Council and Mayor who considered plaintiffs' application. The City also points out again that there are no liquor lounges in the City's Central Business District, and thus, plaintiffs have no comparators.

However, this same argument was presented to the Court on motion for summary

---

[1] The City points out that a different Mayor and Council considered plaintiffs' application, that fire code violations were an issue, that Booker was required to hire an architect, and that the City may have improperly considered Booker's application since it was not on the agenda and the City Attorney was not present. The City points out that parking was not the only concern regarding plaintiffs' application and that excessive noise or violence, traffic congestion because of limited parking, and Lee's past history were also considered.

judgment. Presenting the same argument on motion for reconsideration as submitted in support of the motion for summary judgment does not provide the Court with any evidence or argument that it has committed clear error or that its decision was manifestly unjust.

The City also argues that the Alabama Constitution does not contain a guarantee of Equal Protection, and therefore, plaintiffs' right to Equal Protection could not have been violated. Thus, it appears the City argues that the Court committed clear error by finding that a right to Equal Protection exists under the Alabama Constitution and that any claim based thereon should have been dismissed. However, the cases cited by the City indicate that there is a debate among jurists on this issue. Since jurists debate the issue, there is no clear error.2

**DONE** and **ORDERED** this the June 15, 2010.

  s / Kristi K DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**

---

2 The City cites Marsh v. Green, 782 So. 2d 223, 236, n.3 (Ala. 2000) (J. Cook, concurring in part and dissenting in part) ("In mentioning the equal-protection guarantee of the Alabama Constitution, I have not overlooked Ex parte Melof, 735 So.2d 1172 (Ala.1999), which purports to hold that there is no such guarantee in the Alabama Constitution. I point out, however, that in special writings, no fewer than 5 of the 8 Justices participating in that decision expressed either their disagreement with, or no opinion as to, that proposition. See, e.g., 735 So.2d at 1194 ("Although the main opinion correctly states that there is no single, express equal-protection provision in the Constitution of Alabama ..., I do not believe it follows that there can be no claim of denial of equal protection cognizable under the Constitution of Alabama") ) (citations omitted).